NJProb 12C/D
(5/23)

# United States Probation Office
# United States District Court
# for the District of New Jersey

## Petition for Summons or Warrant for Individual under Supervision

May 10, 2023

**Name of Individual Under Supervision:** Robert S. Armstrong

**Docket Number:** 20-00095-001
14-00633-001

**Reg. Number:** 64949-050

**PACTS Number:** 826641

**Name of Judicial Officer:** THE HONORABLE NOEL L. HILLMAN
SENIOR UNITED STATES DISTRICT JUDGE

**Date of Original Sentence 14-CR-633**: 11/13/2015
**Date of Violation Sentence 14-CR-633**: 05/08/2020
**Date of Original Sentence 20-CR-95:** 05/08/2020

**Original Offense 14-CR-633:** Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2, a Grade C Felony
**Violation Offense 14-CR-633**: Violations One and Four: Committed Another Crime; Violation Three: Failure to Disclose/Cooperate in Financial Dealing, all Grade C Violations
**Original Offense 20-CR-95:** Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2, a Grade C Felony

**Original Sentence 14-CR-633**: 57 months' imprisonment, 3 years' supervised release
**Violation Sentence 14-CR-633**: 24 months' imprisonment (consecutive to 20-CR-95), 1 year of supervised release
**Original Sentence 20-CR-95:** 41 months' imprisonment, 3 years' supervised release

**Current Custodial Status:** At Liberty

**Special Conditions:** Special Assessment, Drug Treatment/Testing, Financial Disclosure, Gambling/Gambling Establishment Restriction, Mental Health Treatment, Special Assessment, Restitution – Money, New Debt Restriction, Self-Employment Disclosure, Occupational Restrictions

**Date Supervision Commenced:** 03/10/2023

**Date Supervision Expires:** 03/09/2026

**Assistant U.S. Attorney:** Diana Vondra Carrig, 401 Market St., 4th Floor, Camden, New Jersey 08101, (856) 757-5026

**Defense Attorney:** Richard Coughlin, Federal Defenders Office, 800 Cooper Street, Suite 350, Camden, New Jersey 08102, (856) 757-5341

---

**PETITIONING THE COURT:**

- [ ] To issue a warrant
- [x] To issue a summons
- [ ] To amend a previously filed petition

**THE COURT ORDERS:**

☐ The Issuance of a Warrant. *THIS DOCUMENT SHALL BE SEALED UNTIL ARREST OF THE INDIVIDUAL UNDER SUPERVISION.*

☒ The Issuance of a Summons (as recommended by Probation).
Date and time of initial appearance: 5/25/2023 in Courtroom 3A before Judge Hillman. - 11:00 a.m.

☐ The petition dated ____________ and filed with the Court on ____________ is HEREBY AMENDED.

☐ No Action.

☐ Other.

Noel L. Hillman
Signature of Judicial Officer

May 12, 2023
Date

**COURT ACTION TO DATE:**

Armstrong began his original term of supervised release on July 27, 2018. On May 8, 2020, a violation hearing was held, at which he pled guilty to two counts of committing another crime and a failure to disclose/cooperate in financial dealings (specifically, new criminal conduct related to new criminal case 20-CR-95).

On March 10, 2023, Armstrong began his reimposed and new terms of supervised release. On April 14, 2023, the Probation Office submitted a *Report on Individual Under Supervision*, regarding the below mentioned non-compliance and requesting a judicial directive regarding Armstrong's involvement in a consulting company. The Probation Office was directed to submit a formal *Request for Summons or Warrant for Individual Under Supervision* to hold a hearing on this non-compliance.

**DETAILS OF VIOLATIONS:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The individual under supervision has violated the standard supervision condition which states **'You must answer truthfully the questions asked by your probation officer.'** |
| | During the home inspection on April 3, 2023, Armstrong was asked about the role and responsibilities he has working with Advanced Recovery Consultants. Armstrong stated he handles the administrative paperwork, from home, and has no contact with any customers. On April 6, 2023, the undersigned officer requested an employment letter outlining and signed by Armstrong's brother, who is also the owner of this company, what Armstrong's hours, rate of pay, and responsibilities are. According to that letter, Armstrong is titled as a Customer Service Representative employed since March 14, 2023, which entails helping current and potential clients over the phone with general questions and information pertaining to services provided by the company. This was originally received via email. |
| | Additionally, one week later, the undersigned officer received the same letter via U.S. Postal Mail. This letter was endorsed with the same signature, who Armstrong stated is his brother, with black ink. The envelope containing this letter was sent by Armstrong from his address in Turnersville, New Jersey. Armstrong was questioned about this letter, but he has not responded. Armstrong was asked about his role with the company by the undersigned officer, and he was untruthful in his explanation about whether he had direct contact with customers. |
| | The Probation Office has determined this conduct constitutes a **Grade C violation.** |
| 2 | The individual under supervision has violated the standard supervision condition which states **'You must follow the instructions of the probation officer related to the conditions of supervision.'** |
| | On March 14, 2023, Armstrong reported to the probation office. Armstrong disclosed an interest in his "own" business called Advanced Recovery Consultants. Armstrong stated his brother owns the company and the company |

works with individuals to receive outstanding insurance claims. Armstrong was directed by the undersigned officer not to engage in this employment until an investigation could be conducted about this business in order to assess any risks associated with his employment given his prior business endeavors leading to fraud.

However, on April 3, 2023, during a home inspection, Armstrong provided the undersigned officer with a paycheck made to Armstrong by Advance Recovery Consultants. Armstrong did not have permission to commence or engage in employment with Advanced Recovery Consultants.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

**INDIVIDUAL UNDER SUPERVISION'S COMMENTS AS TO ALLEGED VIOLATION(S):**

No comments have been solicited.

**STATUTORY PROVISIONS AND CASE LAW:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

Pursuant to 18 U.S.C. § 3583(i), the power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the individual under supervision to serve a term of imprisonment and, subject to the limitations in subsection (h) of 18 U.S.C. § 3583, a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. Reference is made to the Third Circuit's ruling in *U.S. v. Merlino*, 785 F.3d 79 (3rd Cir. 2015).

18 U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the individual under supervision violated a condition of supervised release. Accordingly, the court will require the individual under supervision to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Cases in which the original offense of conviction was committed on or after April 30, 2003, are subject to the provisions of the PROTECT Act (Pub. L 108-21, 117 Stat. 650), which amended 18 U.S.C. § 3583(e)(3) with regard to the custodial exposure upon revocation. The amount of custodial time available to the Court upon revocation is the maximum term authorized at 18 U.S.C. § 3583(e)(3). This available time is not reduced by the custodial time imposed as a result of any prior revocation of supervision. Reference is made to the Third Circuit's ruling in *U.S. v. Williams*, 675 F.3d 275 (3rd Cir. 2012).

Pursuant to 18 U.S.C. § 3583(e)(3), if revoked, Robert S. Armstrong is facing a maximum statutory penalty of 2 years imprisonment for violating the term of supervised release attached to the underlying conviction on Count One, a Class C felony. The individual under supervision is also facing a statutory maximum penalty of 2 years imprisonment for violating the term of supervision attached to the underlying conviction on Count One, a Class C felony. Pursuant to the Third Circuit's ruling in *U.S. v. Dees*, 467 F.3d 847 (3rd Cir. 2006), a District Court has the authority to impose consecutive prison sentences upon revocation of concurrent terms of supervised release which resulted from the imposition of multiple terms of imprisonment. The aggregate exposure upon revocation for the individual under supervision is therefore 4 years.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the individual under supervision is required to serve a term of imprisonment, the court may include a requirement that the individual under supervision be placed on a term of supervised release after imprisonment. The amount of time available for reimposition of supervised release in cases in which the original offense of conviction was committed on or after April 30, 2003, is the maximum term of supervision allowed by statute for the original offense of conviction minus any term of imprisonment imposed upon revocation plus custodial time ordered on prior revocations.

Pursuant to 18 U.S.C. § 3624(e), when multiple terms of supervised release are (re)imposed they must be imposed concurrent to each other.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of III and a Grade A violation, the individual under supervision faces a guideline range of 18 to 24 months custody. For a Grade B violation, the individual under supervision faces a guideline range of 8 to 14 months custody. For a Grade C violation, the individual under supervision faces a guideline range of 5 to 11 months custody.

Upon a finding of a Grade A or B violation, pursuant to USSG § 7B1.3(a)(l), the court will revoke supervised release.

Upon a finding of a Grade C violation, pursuant to USSG § 7Bl.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Pursuant to USSG § 7B1.3, Application Note #1, revocation of probation or supervised release generally is the appropriate disposition in the case of a Grade C violation by an individual under supervision who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision.

Pursuant to USSG § 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release will be ordered to be served consecutively to any sentence of imprisonment that the individual under supervision is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Pursuant to USSG § 7B1.5(b), upon revocation of supervised release, no credit will be given toward any term of imprisonment ordered for time served on post-release supervision.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

Erin A. DeSilva

By: ERIN A. DESILVA
Senior U.S. Probation Officer

/ ead

APPROVED:

5/10/2023

STEVEN ALFREY Date
Supervising U.S. Probation Officer

**APPENDIX**
Statutory and guideline exposure

VIOLATION GRADE: A
CRIMINAL HISTORY CATEGORY: III

| | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | Up to 4 years | 18-24 months |
| SUPERVISED RELEASE: | 3 years per count (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 3 years per count (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE: B
CRIMINAL HISTORY CATEGORY: III

| | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | Up to 4 years | 8-14 months |
| SUPERVISED RELEASE: | 3 years per count (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 3 years per count (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE: C
CRIMINAL HISTORY CATEGORY: III

| | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | Up to 4 years | 5-11 months |
| SUPERVISED RELEASE: | 3 years per count (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 3 years per count (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |