**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT ARMSTRONG,<br><br>Defendant. | Criminal Action No.20-cr-95<br><br>**ORDER** |

**WILLIAMS, District Judge.**

**THIS MATTER** comes before the Court by way of Defendant's Motion to Terminate Supervised Release, (ECF No.41); and

**WHEREAS,** on January 28, 2020, Defendant pleaded guilty to mail fraud and three violations of his supervised release and sentenced to 41 months of incarceration followed by three years of supervised release for mail fraud and 24 months of incarceration on the violations of supervised release to run consecutively and one year of supervised release to run concurrent to the three years of supervised releasee on the mail fraud; and

**WHEREAS,** Defendant was released from his term of incarceration and began serving his term of supervision on March 10, 2023, and is currently on supervised release; and

**WHEREAS,** Defendant's three year term of supervised release is set to expire on March 9, 2026; and

**WHEREAS,** after considering the factors enumerated in 18 U.S.C. § 3553(a), a "court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C § 3583(e)(1); *see also United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); and

**WHEREAS,** the factors to be considered by the Court are: "(1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense," *Melvin*, 978 F.3d at 52 (citing 18 U.S.C § 3553(a)) (citation omitted); and

**WHEREAS**, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination," *id.* (internal quotation and citation omitted); and

**WHEREAS**, "[d]istrict courts are not required to make specific findings of fact with respect to each of these factors; rather, a statement that the district court has considered the statutory factors is sufficient," *id.* at 52–53 (internal citation, quotation marks, and alteration omitted); and

**WHEREAS**, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)," *id.* at 53; and

**WHEREAS,** the Government opposes Defendant's motion (ECF No. 45); and

**WHEREAS,** Defendant's stated reasons for seeking early termination of his supervision are based on his compliance with the terms of his supervision, to travel out of state to visit his daughters and, to allow him to open a new business. However, Defendant does not indicate that his travel to visit his daughters has been impeded by his supervision nor has he provided any details indicating how his term of supervision impedes his ability to open a business; and

**WHEREAS,** having considered the factors enumerated in 18 U.S.C § 3553(a), the Court is not satisfied that early termination is warranted by the conduct of the defendant since his release nor that the interest of justice will be served by early termination of Defendant's supervision; therefore

**IT IS** on this 8th day of January 2026,

**ORDERED** that Defendant's Motion to Terminate Supervised Release, (ECF No. 41), is **DENIED**.

**KAREN M. WILLIAMS**
**UNITED STATES DISTRICT JUDGE**